CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NATHAN D. THEOBALD (CABN 328837)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7185
    FAX: (415) 436-7234
    nathan.theobald@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:26-mj-70936-MAG |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | ) |
| CARLOS DANIEL PEREZ PACHECO, | ) Hearing Date: July 17, 2026<br>) Hearing Time: 11:00 A.M. |
| Defendant. | ) |

## I.    INTRODUCTION

Carlos Daniel Perez Pacheco is a twenty-five-year-old adult male, charged by complaint with one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). There is a statutory presumption that no condition or combination of conditions can reasonably assure Mr. Perez Pacheco's appearance and the safety of the community, and the facts of this case strongly support that presumption. 18 U.S.C. § 3142(e)(3)(E).

Over approximately three years, beginning—to the Government's current understanding—in 2023 and continuing up to three days before his arrest, Mr. Perez Pacheco abused two minor relatives (Minor Victim One and Minor Victim Two). Mr. Perez Pacheco has placed his erect penis in or on Minor Victim One's mouth when she was one year old. Mr. Perez Pacheco has instructed Minor Victim

UNITED STATES' DETENTION MEMO        1
3:26-mj-70936-MAG

Two to touch his penis and has pushed Minor Victim Two's face towards his penis.  He has masturbated in front of Minor Victim Two.  He has, only three days before his arrest, showed Minor Victim Two videos depicting child sexual abuse and asked if he wanted to try it before masturbating next to Minor Victim Two.  The abuse occurred either in Mr. Perez Pacheco's family house or in his grandparents' house.  Mr. Perez Pacheco sometimes, but not always, recorded the abuse. When he recorded the abuse, he did so with the admitted intention of distributing the videos online in exchange for other videos of child sexual abuse.  On at least one occasion, Mr. Perez Pacheco distributed a video that he created using Minor Victim Two to another person over the Internet.  Not only did Mr. Perez Pacheco directly abuse the Minor Victims, but he also was deeply involved in numerous chat groups in which consumers and abusers traded CSAM.  In at least one chat, Mr. Perez Pacheco discussed Minor Victim Two with other online consumers of child-sex abuse materials.  In total, Mr. Perez Pacheco has amassed a collection of CSAM videos and images, which he estimated to be comprised of over 1,000 items.

In total, the facts demonstrate that Mr. Perez Pacheco cannot rebut the presumption that he should be detained because he presents a serious danger to the community and the minor victims and is a risk of flight, and no conditions of release can overcome this danger and risk.  Accordingly, the Court should order that the defendant be detained pending trial.

## II.    FACTUAL BACKGROUND

Law enforcement identified Carlos Daniel Perez Pacheco as a member of various online chat groups on which child sex abuse materials (CSAM) were shared and distributed.  Law enforcement obtained a federal search warrant to search for evidence of possession and receipt of CSAM, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4), and shortly thereafter executed the warrant on July 8, 2026.

While executing the search warrant, law enforcement recovered and searched Mr. Perez Pacheco's cellphone.  On his cellphone, in one folder alone, were approximately 700 videos of suspected CSAM.  Of immediate concern, law enforcement discovered that Mr. Perez Pacheco's cellphone contained videos of child sex abuse that he had produced.

On Mr. Perez Pacheco's cellphone, law enforcement have recovered three videos of child sexual exploitation that Mr. Perez Pacheco produced:

- Video One: In one video, dated April 23, 2026, per the video's metadata, an adult male—

UNITED STATES' DETENTION MEMO                2
3:26-mj-70936-MAG

who Mr. Perez Pacheco later admitted was himself—approaches Minor Victim One, a toddler who appears to be approximately 1–2 years old, while masturbating. Mr. Perez Pacheco then he places his erect penis in or on Minor Victim One's mouth. This video takes place in a kitchen, which is recognizable as the kitchen at Mr. Perez Pacheco's residence. Moreover, the video's metadata confirms that the video was produced in a location consistent with Mr. Perez Pacheco's family's residence in Santa Rosa, California.

- Video Two: In another video, dated April 23, 2023, an adult male—who Mr. Perez Pacheco later admitted was himself—begins to masturbate in front of Minor Victim Two, who is a toddler and appears to be approximately three years old. Mr. Perez Pacheco then holds the toddler's neck in order to position Minor Victim Two between his legs. Minor Victim Two holds Mr. Perez Pacheco's penis while he continues to masturbate. The video's metadata provides that this video was created in Rohnert Park, California, which is where Mr. Perez Pacheco's grandparents live and where Mr. Perez Pacheco admitted to creating the video.

- Video Three: In another video, also dated April 23, 2023, an adult male displays his penis to Minor Victim Two. Consistent with the above, the video's metadata provides that this video was created in Rohnert Park, California.

Law enforcement conducted a *Mirandized* interview of Mr. Perez Pacheco on July 8, 2026. During this interview, Mr. Perez Pacheco confirmed that he created videos with Minor Victim One and Minor Victim Two, both of whom are related to Mr. Perez Pacheco. He stated that he created Video One with the intent to distribute it online in exchange for other CSAM. And Mr. Perez Pacheco confirmed that he had discussed Minor Victim Two with another individual on a Telegram chat and that he distributed Video Two to another user via Telegram.

Mr. Perez Pacheco also confirmed that he has similarly abused Minor Victim Two on multiple occasions, not all of which were videotaped. Most recently, Mr. Perez Pacheco admitted that on July 5, 2026, only three days before his arrest, he showed Minor Victim Two various CSAM videos—after which Mr. Perez Pacheco was aroused—and asked Minor Victim Two if he wanted to "try that out." When Minor Victim Two was uninterested, Mr. Perez Pacheco placed Minor Victim Two on his lap, "hugged" Minor Victim Two, and masturbated. In all, Mr. Perez Pacheco estimated that he engaged in

UNITED STATES' DETENTION MEMO                3
3:26-mj-70936-MAG

similar conduct with Minor Victim Two approximately ten times.

Mr. Perez Pacheco confirmed that this conduct occurred at his house, as well as at his grandparents' house, while other individuals were home. For example, Mr. Perez Pacheco confirmed that other individuals were home when he created Video One in the family kitchen. And he confirmed that other individuals were home on July 5, 2026, when he showed Minor Victim Two CSAM videos and masturbated next to Minor Victim Two. Indeed, Mr. Perez Pacheco stated that he stopped on this occasion only when he heard someone go into the nearby bathroom.

In addition to creating CSAM using Minor Victim One and Two, Mr. Perez Pacheco also estimated that he possessed over 1,000 CSAM images and videos. Agents also reviewed Mr. Perez Pacheco's Telegram account and his sent messages, which contain a significant amount of CSAM. Mr. Perez Pacheco personally sent multiple CSAM videos to other Telegram users, including, among other things, videos depicting (a) a child who appears to be approximately five years old who is orally copulating an adult male's penis while a different adult male penetrates the child victim from behind and (b) an adult male masturbating and ejaculating onto the mouth of a child who appears to be approximately one year old. Located in Mr. Perez Pacheco's "saved" messages on Telegram are more CSAM videos, including, among other things, videos depicting (a) an adult male inserting his penis in the anus of a child, who appeared to be approximately three or four years old, while a different individual held down the child's legs, and (b) a boy who appeared to be 7–9 years old masturbating and orally copulating a man.

## III.   LEGAL BACKGROUND

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk—the government need not prove that both factors are present. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. *Id*. However, a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*.

UNITED STATES' DETENTION MEMO                4
3:26-mj-70936-MAG

The Bail Reform Act mandates a rebuttable presumption of detention if there is probable cause to believe that the defendant has committed "an offense involving a minor victim under section . . . 2251 [sexual exploitation of children] . . . ." 18 U.S.C. § 3142(e)(3)(E).  To rebut the presumption, the defendant "must produce some credible evidence forming a basis for his contention that he will appear and not be a threat to the community."  *United States v. Marigny*, 2020 WL 4260622, at *1 (N.D. Cal. July 24, 2020).  "If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).  However, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an ***evidentiary finding militating against release***, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086 (emphasis added) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).  The rules of evidence do not apply at a detention hearing.  *See* 18 U.S.C. § 3142(f)(2)(B).  It is well settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors.  *See, e.g., United States v. Salerno*, 481 U.S. 739, 743 (1987).

## IV.    ARGUMENT

Mr. Perez Pacheco cannot rebut the statutory presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. §§ 3142(e)(3), (e)(3)(E); *see Hir*, 517 F.3d at 1086.  Mr. Perez Pacheco is a danger to the minor victims and the community and also poses a flight risk.

UNITED STATES' DETENTION MEMO                    5
3:26-mj-70936-MAG

**A. Perez Pacheco is a Danger to the Minor Victims and the Community.**

The production of child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014).  And section 2251(a), sexual exploitation of children, is "one of the gravest and most serious crimes that a defendant can be charged with."  *United States v. Petersen*, 2017 WL 2179591, at *4 (N.D. Cal. May 17, 2017).

Here, there are at least two real, identifiable victims: Minor Victim One and Minor Victim Two.  Mr. Perez Pacheco is related to both Minor Victims.  He abused both while the Minor Victims were toddlers.  He abused the victims in either his mother's house, or his grandparents' house, while other people were home.  He abused Minor Victim Two as early as April 23, 2023, on which day Mr. Perez Pacheco recorded himself holding Minor Victim Two's neck while positioning Minor Victim Two[1] between his legs and telling Minor Victim Two to touch his penis.  He abused Minor Victim One as recently as April 23, 2026, on which day he recorded himself placing his erect penis on Minor Victim One's mouth in the family kitchen while others were home.

The abuse is ongoing.  By his own admission, he abused Minor Victim Two only ***three days before his arrest***, when he showed Minor Victim Two CSAM, asked him if he wanted to "try" it, and began to masturbate.  These acts—as well as the other incidents that the Government is not yet aware of—have significantly endangered the mental, psychological, and physical health of the Minor Victims.

This case involves not just the hands-on abuse of Minor Victim One and Minor Victim Two, but also the production of CSAM videos, the distribution of at least one of those videos, and the collection of hundreds if not thousands of additional CSAM files involving other unknown child victims.  Mr. Perez Pacheco reported that he began collecting CSAM approximately nine years ago and that he watches it approximately three times a week in the living room at his house, where he lives with his mother and siblings.

If released, Mr. Perez Pacheco could likely continue to have contact with Minor Victim One and Minor Victim Two, both of whom are relatives and live nearby.  Moreover, supervision by other family members is unlikely to successfully ensure that Mr. Perez Pacheco does not make contact with the

---

[1] It is the Government's understanding that Minor Victim Two is autistic, making Minor Victim Two particularly vulnerable to Mr. Perez Pacheco's abuse.

Minor Victims—indeed, the abuse of both occurred at either Mr. Perez Pacheco's family house or his grandparents' house while other people were home. *See Petersen*, 2017 WL 2179591, at *4 ("The fact that the conduct underlying the [§ 2251(a)] charge against him occurred while he lived in his father's home substantially undercuts any assurance" that the father could adequately supervise).  For over three years, Mr. Perez Pacheco abused the position of trust that his family and the Minor Victims placed in him.  There is no indication that Mr. Perez Pacheco's family knew of the abuse, but they were unable or unwilling to notice and stop it for the past three years.

Moreover, even if Mr. Perez Pacheco could be successfully prevented from making physical contact with the Minor Victims (which the Government strongly argues cannot be accomplished), there is no indication that he could successfully be prevented from accessing, sharing, and trading CSAM. This includes the CSAM that Mr. Perez Pacheco produced using the Minor Victims, which he produced with the intent of trading it online and which, as to at least one video, he actually traded online.  Internet devices and communications are ubiquitous, and child pornography can be transmitted and received in secret—just as Mr. Perez Pacheco did for approximately nine years. *See United States v. Marigny*, 2020 WL 4260622, at *4 (N.D. Cal. July 24, 2020).  And release conditions seeking to minimize access to the Internet and communication devices "necessarily depend[] on [a defendant's] good faith compliance"— for the simple reason that internet crimes are "not readily susceptible to effective monitoring" and such conditions are "easily circumvented or manipulated[.]" *Hir*, 517 F.3d at 1093; *Petersen*, 2017 WL 2179591, at *4 (observing the "virtual impossibility of controlling access to the internet and other technologies" in CSAM cases).  It would likely be impossible to prevent Mr. Perez Pacheco not only from seeing or making contact with the Minor Victims, but also from trading, selling, distributing, and accessing CSAM, including the CSAM he created using the Minor Victims.

All the statutory factors—including the nature and circumstances of the charged offense, the weight of evidence (including Mr. Perez Pacheco's admissions), Mr. Perez Pacheco's long history of collecting and watching CSAM, including in his family living room at night, and the severe danger to the Minor Victims that the abuse has already engendered—weigh in favor of detention.

**B. Releasing Perez Pacheco Would Fail to Reasonably Assure His Appearance.**

The relevant factors set forth in 18 U.S.C. § 3142(g) further demonstrate by a preponderance of

evidence that there are no conditions which will reasonably assure Mr. Perez Pacheco's appearance at court proceedings. *First*, the nature and seriousness of the charged offenses. The sole charge in the complaint has a fifteen-year mandatory minimum term of imprisonment; such a significant term of mandatory imprisonment poses an "unacceptably high risk" of nonappearance.  *See United States v. Martin*, 2015 WL 3464937, at *4 (N.D. Cal. May 29, 2015) ("unacceptably high risk" of nonappearance in light of mandatory minimums in a § 924(c) case); *United States v. Super*, 2023 WL 5952715, at *3 (W.D. Wash. Sept. 13, 2023) (finding no set of conditions of release that would reasonably assure appearance because of the mandatory minimum sentence of 15 years and the defendant's admission to the conduct).  While the statutory maximum is 30 years of imprisonment, Mr. Perez Pacheco's tentative Guidelines range is a life sentence, even after acceptance of responsibility.  A possible sentence of this length presents the defendant with a strong incentive to flee.  *See id.  Second*, the weight of the evidence against Mr. Perez Pacheco is strong and there is a reasonable likelihood of conviction.  Here, the defendant's own admissions, as well as videos found on his devices, confirm his guilt. "It is fair to conclude that [defendant] might have a heightened motivation to flee if the government's evidence is relatively strong." *United States v. Cuong Cau Dang*, 2013 WL 4119426, at *3 (N.D. Cal. Aug. 9, 2013); *see United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023) (citing weight of evidence to affirm detention order); *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee").  *Third*, as Pretrial Services notes, Mr. Perez Pacheco's mental-health history poses a risk of nonappearance.  Moreover, Mr. Perez Pacheco's willingness to betray the position of trust he held as an adult family member to the Minor Victims suggests a callous disregard for the type of trust necessary to ensure his appearance.

### C.  The Proposed Release Conditions Are Inadequate.

Pretrial Services has proposed Mr. Perez Pacheco's aunt as a custodian.  But family members are inadequate to ensure the safety of minor victims, particularly where the abuse, as here, occurred at the family residence while other family members were home.  *See Petersen*, 2017 WL 2179591, at *4 (ordering pretrial detention and rejecting father as custodian where the abuse occurred while the defendant lived with the father); *cf. United States v. Bryant*, 2023 WL 6215335, at *3 (W.D. Wash. Sept. 25, 2023) (ordering pretrial detention and rejecting custodian on military base, as such release "would be

UNITED STATES' DETENTION MEMO                    8
3:26-mj-70936-MAG

releasing him into the same environment in which the alleged offenses happened"). Nor is there any indication that Mr. Perez Pacheco's aunt can provide the necessary moral suasion to prevent Mr. Perez Pacheco from continuing to hurt children—his family members' presence at family homes did not prevent or dissuade this conduct (including collecting CSAM for nine years, masturbating to CSAM in the living room, and abusing Minor Victims One and Two while others were home for over three years). Moreover, Mr. Perez Pacheco's aunt's residence is located a mere half mile from John Reed Elementary School and 0.3 miles from the Mt. Taylor Children's Center day care, and pretrial will be unable to determine, even with location monitoring, if Mr. Perez Pacheco is in the vicinity of children. *See Jordan v. United States*, 2025 WL 1837721, at \*5 (W.D. Wash. July 3, 2025) (ordering pretrial detention, in part as the "proposed residence puts [defendant] in proximity to a very large number of places where minors may congregate"); *United States v. Brugnoli-Baskin*, 2022 WL 16636429, at \*5 (W.D. Wash. Nov. 2, 2022). And, as argued above, the nature of electronic communications and Mr. Perez Pacheco's secretive use of such devices to carry out the alleged offenses would be nearly impossible to monitor. *See Petersen*, 2017 WL 2179591, at \*4; *United States v. Santiago-Muniz*, 2017 WL 6028347, at \*3 (M.D. Pa. Dec. 5, 2017) ("Preventing the type of highly predatory and addictive sexual behavior which may be completed in relative secrecy with any number of devices that can connect to the internet is simply beyond the capacity of pretrial services to effectively monitor."); *Marigny*, 2020 WL 4260622, at \*3 (noting that while Pretrial Services can try to limit Internet access or devices, these devices "are overwhelmingly available in the community such that Defendant could gain access to the Internet with virtually no supervision"); *see also Hir*, 517 F.3d 1081, 1093.

## V.     CONCLUSION

For the foregoing reasons, there is no set of conditions that will reasonably ensure the safety of the minor victims in this case and the community or will reasonably assure the appearance of Mr. Perez Pacheco at court proceedings. Accordingly, the Court should order Mr. Perez Pacheco detained pending trial.

//

//

//

UNITED STATES' DETENTION MEMO                9
3:26-mj-70936-MAG

DATED: July 17, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_/s/ Nathan D. Theobald_
NATHAN D. THEOBALD
Assistant United States Attorney